IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCIS DRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2222-JPG |
| ) | |
| ) | |
| MADISON COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Francis Drake, a detainee at the Madison County Jail, filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from being placed in a high aggressive unit. (Doc. 1). The Complaint did not survive screening because Plaintiff failed to identify any particular individual associated with his claim. (Doc. 3). On January 7, 2019, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff was granted leave to file a First Amended Complaint on or before February 4, 2019. (Doc. 3, p. 3). He was warned that the case would be dismissed with prejudice, if he failed to take any action by this deadline. (*Id*.).

Plaintiff missed the deadline. At least a week has passed since it expired. He has not requested an extension or filed an amended complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be **DISMISSED with prejudice** for failure to comply with the Court's Order (Doc. 3) to file an amended complaint and failure to prosecute his claims. *See* Fed.R.Civ.P. 41(b).

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice**, based on Plaintiff's failure to comply with the Court's Order (Doc. 3, p. 3) to file a First Amended Complaint and to prosecute his claims. Fed.R.Civ.P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable.[1] *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed.R.App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed.R.App.P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed.R.App.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/20/2019**

s/J. Phil Gilbert
**United States District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.